**In the Matter of Larry G. WHITNEY.**

**No. 49S00–0209–DI–464.**

Supreme Court of Indiana.

Jan. 10, 2005.

## ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action* and the parties' respective *Petitions for Review,* we find that the respondent engaged in attorney misconduct.

**Facts:** Respondent represented a client in the settlement of a personal injury claim. Respondent received a check from the client's insurance carrier, made payable to the client and her treating chiropractor, for treatments rendered by the chiropractor. After obtaining the client's signature on the check, respondent signed on behalf of the chiropractor and deposited the check in respondent's trust account. During various periods, the balance of respondent's trust account was insufficient to cover the amount of the check. Respondent informed his client that the check in question had been forwarded to the chiropractor. Respondent falsely told the chiropractor that the client had requested to keep the money until the case finally settled to help with expenses of her husband's illness. In response to a Commission subpoena, respondent asserted that the funds in question had never been deposited in his trust account. Finally, respondent threatened to file a defamation suit against his client if she filed a disciplinary grievance against the respondent.

**Violations:** Respondent's conducted violated Ind. Professional Conduct Rule 1.15(a), which requires that client and third persons property be held separate from the attorney's; Prof.Cond.R. 1.15(b), which requires prompt delivery of funds to a client or third persons; Prof.Cond.R. 4.1(a), which prohibits false statements of material fact to third persons; Prof. Cond.R. 8.1(a), which prohibits false statements of material facts in connection with a disciplinary matter; Prof.Cond.R. 8.4(b), which prohibits criminal acts that reflect adversely on honesty, trustworthiness, or fitness as a lawyer in other respects; Prof. Cond.R. 8.4(c), which prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation; and Prof.Cond.R. 8.4(d), which prohibits conduct prejudicial to the administration of justice.

We pause to comment on respondent's defense that his threatened defamation suit against his client was a legitimate attempt to protect his reputation. Such defense is spurious in light of Ind. Admission and Discipline Rule 23, Section 20, which provides immunity from civil prosecution for written statements made without malice to the Commission. Further, in light of the confidential nature of Commission investigations, respondent's threat served only to try to intimidate his client, not protect his reputation.

The facts outlined above have generated a broad spectrum of suggested sanctions. The hearing officer, with respondent agreeing, recommended a private reprimand. The Commission on the other hand has sought disbarment. For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of six (6) months, beginning February 21, 2005, with automatic reinstatement thereafter. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Su-

preme Court Disciplinary Commission, to the hearing officer, Hon. Evan D. Goodman, Marion Superior Court, 200 East Washington Street, W343, Indianapolis, IN 46204, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.